UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Deutsche Bank National Trust Company** as Trustee under the pooling and Servicing Agreement Series ITF INABS 2005-B<br><br>**Plaintiff,**<br><br>vs.<br><br>**Roger A. Bates, et al.**<br><br>**Defendants.** | Case No. 4:07-cv-02382<br><br>Judge Sara Lioi<br><br>**JUDGMENT ENTRY AND<br>DECREE IN FORECLOSURE** |

UNITED STATES DISTRICT JUDGE SARA LIOI

This matter is before the Court on Plaintiff's unopposed Motion for Default Judgment.

The real property that is the subject of this foreclosure action (the "Property") is as follows:

> Situated in the Township of Howland, County of Trumbull and State of Ohio:
> And known as being Sub lot No. 93 in Venice Heights plat No. 5, a subdivision of part of original Howland Township Great Lot No. 14, as shown by the recorded plat of said Subdivision in Volume 28 f Maps, Page 69 of Trumbull County Records.
> Said Sub Lot No. 93 has a frontage of 80 feet on the southerly side of Brookwood Drive, and extends back between parallel lines 150 feet on the easterly line, 150 feet on the westerly line and has a rear line of 80 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

The Clerk's Entry of Default is properly reflected on the Pacer docket. In response to the Motion for Default Judgment, the Court finds that Roger A. Bates, Kari A. Bates and National City Bank have been served with a Summons and Complaint but are in default for failure to file an Answer or other responsive pleading. As a result, with respect to such defendants, the Court hereby grants Plaintiff's Motion for Default Judgment and enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.

E42

The Court acknowledges that Forum Health has filed an Answer claiming an interest in the Property.  The Court finds that such interest is inferior and junior in priority to the mortgage held by Plaintiff.  Such interest shall transfer to the proceeds of the sale of the Property, and all defendants who have filed an Answer claiming an interest in the Property shall have the right to seek payment from the proceeds of the sale of the Property.  Such interest shall be released from the title to the Property upon confirmation of the sale to ensure that the buyer obtains title to the Property free and clear of all interests.

The Court finds that Roger A. Bates executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due.  The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage.  The Court further finds that Roger A. Bates and Kari A. Bates executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because payments required to be made under the Note and Mortgage have not been made.  The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $107,394.74 plus interest on the principal amount at the rate of 7.25% per annum from February 1, 2007. The Court further finds that there is due on the Note all late charges imposed under the

Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

As a result, the Court hereby enters judgment for the amount due on the Note against Roger A. Bates.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

The Court finds that the Plaintiff has an additional interest by virtue of a second mortgage in the amount of $27,300.00, filed for record on June 1, 2005, and recorded at Official Instrument Number 200506010015616, Recorder's Office, Trumbull County, Ohio Recorder's Office, Trumbull County, OH. This mortgage shall be released after the confirmation of sale.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action subject to redemption by Defendant pursuant to Ohio Rev. Code § 2329.33. In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the Property

E42

according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Trumbull County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

**DATE:** 9/28/07

s/ Sara Lioi
Judge Sara Lioi
UNITED STATES DISTRICT JUDGE

Approved:

/s/ Kevin L. Williams
Kevin L. Williams (0061656)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: klw-f@mdk-llc.com
Attorney for Plaintiff